# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8326 | **DATE** | 4/2/2002 |
| **CASE TITLE** | Simon Schuster vs. Shepard Chevrolet, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** For the reasons stated in the attached Memorandum Opinion and Order, defendant's objections to plaintiff's exhibits are sustained in part and overruled in part; and plaintiff's objections to defendant's exhibits are sustained in part and overruled in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | APR 03 2002 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 71 |
| ✓ | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 4/2/2002 | |
| | Copy to judge/magistrate judge. | CLERK | date mailed notice | |
| | JJK courtroom deputy's initials | 02 APR -2 PM 1:31 | JJK mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SIMON SCHUSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 8326 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| SHEPARD CHEVROLET, INC., ) | |
| ) | |
| Defendant. ) | |

DOCKETED
APR - 3 2002

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on objections that the parties have raised to certain designated trial exhibits. Defendant has objected to Plaintiff's Exhibits Nos. 5 and 8-12 (defendant also had objected to Plaintiff's Exhibits Nos. 13-15, but those objections have been rendered moot by plaintiff's decision to withdraw those exhibits). Plaintiff has objected to Defendant's Exhibits Nos. 2-3 and 5-6. The Court's rulings on these objections are set forth below.

### I.

**Plaintiff's Exhibit No. 5**: This document is a "Claim Detail Report" prepared by ADP, and independent entity that handles unemployment claims for the defendant. This report has an entry showing that the plaintiff "retired voluntarily" – which plainly was not the case, as there is no dispute that plaintiff was terminated. It is unclear what use plaintiff wishes to make of this exhibit. But in any event, no foundation has been provided that the statement accurately reflects what someone in authority for the defendant told ADP, and so we agree that the document is inadmissible hearsay. Accordingly, the Court SUSTAINS the objection, and will exclude Plaintiff's Exhibit No. 5 from evidence.

**Plaintiff's Exhibits Nos. 8-9**: These exhibits show the schedule and compensation terms for plaintiff's part-time work: Plaintiff's Exhibit No. 8 shows the schedule and compensation terms as of December 6, 1995, and Plaintiff's Exhibit No. 9 shows the schedule and compensation terms as of April 26, 1996. Defendant argues that these documents are irrelevant, on the ground that plaintiff's 1995 job reassignment (and any statements made by Mr. Shepard in connection with that reassignment) should not come into evidence. In a separate Memorandum Opinion and Order issued today, the Court has denied defendant's motion *in limine* to bar evidence of the 1995 job reassignment and statements made by Mr. Shepard in connection with that reassignment. In so ruling, the Court rejected the same arguments that defendant raises here in objecting to these two exhibits. Accordingly, defendant's objections to Plaintiff's Exhibit Nos. 8-9 are OVERRULED, and those exhibits will be admitted.

**Plaintiff's Exhibit No. 10**: This exhibit is a list of sales persons hired by defendant during 1999, after plaintiff's termination. Defendant objects to this exhibit as irrelevant and unfairly prejudicial. The Court notes that plaintiff's designation of this exhibit is inconsistent with his motion *in limine* to bar the defendant from offering evidence of the ages of their sales personnel as of December 31, 1998, and evidence that after plaintiff's termination defendant hired one sales person who was in his 60s (*see* Plaintiff's Motion *In Limine* to Bar Evidence or Testimony Regarding the Age of Other Employees Retained or Hired by Defendant After Plaintiff's Termination). We do not understand why plaintiff seeks to use an exhibit identifying sales persons hired in 1999 when plaintiff has asserted in a motion *in limine* that post-termination hirings are irrelevant, and that any evidence concerning the ages of sales people – whether they were employed as of 1998 or hired thereafter -- is irrelevant.

2

In any event, in its separate ruling today on the motions *in limine*, the Court granted plaintiff's motion *in limine* insofar as it sought to bar evidence concerning the age of sales people employed as of December 31, 1998, and the defendant has agreed not to offer evidence of any sales people hired after plaintiff's termination. For the reasons set forth in that ruling, the Court SUSTAINS the objection, and excludes Plaintiff's Exhibit No. 10 from evidence.

**Plaintiff's Exhibit No. 11**: This exhibit is a listing of employees who resigned from defendant's employment (although the exhibit says that it includes resignations "as of 1/1/95," the dates shown on the list for the resignations indicates that this list actually includes resignations between 1995 and 1999). Defendant objects to this exhibit on grounds of relevance and unfair prejudice. The Court agrees that voluntary departures from employment do not constitute adverse personnel actions, and provide no probative evidence as to defendant's motivation in discharging the plaintiff. Accordingly, defendant's objection is SUSTAINED, and Plaintiff's Exhibit No. 11 will be excluded from evidence.

**Plaintiff's Exhibit No. 12**: This exhibit is a list of employees terminated by the defendant (again, although the list states that it includes terminations as of 1/1/95, all of the listed terminations are for the period between 1996 and 1999). Defendant objects on the basis of relevance and unfair prejudice. However, the only articulated basis for these objections is the time scope of the information: defendant argues that terminations going back to January 1995 are too remote to shed light on defendant's motivation.

The Court does not find this objection persuasive. To begin with, although the document bears the heading of January 1995, none of the terminations listed on the exhibit extend farther back than March 1996. We do not think that time period is too remote to provide evidence about whether

there is some age-related pattern to defendant's terminations. The Court will not preclude plaintiff from offering evidence that all of the employees terminated during that time period were forty years or older. Nor will the Court preclude defendant from pointing out that all but one of those same individuals was 40 years or older when hired (with one being 68 years old and another being 76 years old), and that the vast majority were terminated within a year or less of being hired. Accordingly, defendant's objection is OVERRULED, and Plaintiff's Exhibit No. 12 will be admitted into evidence.

## II.

**Defendant's Exhibit No. 2**: This exhibit shows the schedule and compensation terms for plaintiff's part-time position as of April 11, 1995. In light of the Court's ruling that Plaintiff's Exhibits Nos. 8 and 9, which provide the same information for later dates in 1995 and 1996, will be admitted, the Court OVERRULES plaintiff's objection to this defense exhibit. Defendant's Exhibit No. 2 will be admitted.

**Defendant's Exhibit No. 3**: This exhibit is an offer by the defendant for a severance pay package upon plaintiff's termination. Plaintiff objects to this exhibit on grounds of relevance, unfair prejudice, and lack of foundation. In its ruling today on the parties' motions *in limine*, the Court held that defendant may offer evidence of plaintiff's acceptance of a severance package, as relevant to the calculation of any back pay award the jury might consider.

The problem with this particular exhibit, however, is that the face of the exhibit reflects that plaintiff rejected this specific proposal. Accordingly, while the Court will allow the defendant to offer evidence of what severance benefits actually were provided to the plaintiff, the Court has no confidence that this particular offer reflects what was actually provided. For this reason, the Court

4

SUSTAINS the objection to Defendant's Exhibit No. 3, and will exclude that exhibit from evidence; this ruling will not bar the defendant offering evidence as to the severance package that actually was provided to plaintiff.

**Defendant's Exhibit No. 5**: This document sets forth the terms of a $25,000.00 loan that Mr. Shepard intended to make to the plaintiff in June 1995. Plaintiff objects to this exhibit on grounds of relevance, lack of foundation, and unfair prejudice. In its rulings on the motions *in limine*, the Court granted plaintiff's motion to bar evidence of personal loans by Mr. Shepard to the plaintiff. Consistent with that ruling, the Court SUSTAINS this objection, and will exclude Defendant's Exhibit No. 5 from evidence.

**Defendant's Exhibit No. 6**: This exhibit shows the names, social security numbers, dates of birth, dates of hire, and job positions of individuals employed by the defendant as of December 31, 1998. Plaintiff objects to this exhibit on the grounds of relevance, lack of foundation, and confusion of issues. In its rulings the motions *in limine*, the Court held that defendant would be allowed to offer evidence of the age of its managerial employees as of December 31, 1998; for the reasons stated in that ruling, the Court rejects the objections based on relevance and unfair prejudice. However, to conform to the Court's ruling on the motion *in limine*, this exhibit must be reformatted so that it sets forth only the names and relevant information for managerial personnel.

As for plaintiff's foundation objection, it appears to the Court that this document likely would constitute a business record under Federal Rule of Evidence 803(6). If so, the Court sees no reason why any foundation issues could not be handled through the procedures set forth in Federal Rule of Evidence 902(11) ("a domestic record of regularly conducted activity that would be admissible under Rule 803(6)" may be admitted "if accompanied by a written declaration of its

5

custodian or other qualified person" setting forth the elements required to establish a business record). Accordingly, the Court directs plaintiff to inform defendant in writing by April 8, 2002 of any respect in which he believes the previously-submitted affidavit of Tina Joyce is insufficient to lay the foundation required by Rule 902(11). If plaintiff asserts any challenge to the adequacy of that affidavit, the parties are to meet and confer prior to trial to attempt to resolve any challenges.

## CONCLUSION

For the reasons set forth above:

Defendant's objections to Plaintiff's Exhibits Nos. 5, 10 and 11 are SUSTAINED; those exhibits will be excluded.

Defendant's objections to Plaintiff's Exhibits Nos. 8, 9 and 12 are OVERRULED; those exhibits will be admitted.

Plaintiff's objection to Defendant's Exhibits Nos. 3 and 5 is SUSTAINED; those exhibits will be excluded.

Plaintiff's objection to Defendant's Exhibit No. 2 is OVERRULED; that exhibit will be admitted.

Plaintiff's objection to Defendant's Exhibit No. 6 is SUSTAINED in part. The relevance and unfair prejudice objections are SUSTAINED as to those employees identified on the exhibit who were not managerial employees, and OVERRULED as to those individuals who were managerial employees. Ruling on the foundation objection is reserved for trial, in the event that the parties do not resolve that objection prior to trial.

The parties are directed to prepare eleven sets of exhibit notebooks (eight for jurors, one to be used by the witnesses, and two for the Court). The exhibit books are to include all exhibits to

which the parties raised no objection (Plaintiff's Exhibits Nos. 1-4 and 6-7, and Defendant's Exhibits Nos. 1 and 4), as well as the exhibits that the Court in this opinion has held admissible (Plaintiff's Exhibits Nos. 8-9 and 12, and Defendant's Exhibit Nos. 2). Those exhibit books are to be delivered to Chambers by noon on April 18, 2002.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: April 2, 2002